ADAM L. BINGAMAN et al. *vs.* WILLIAM ROBERTSON, Trustee, &c.

A promise made by an executor or administrator to pay a debt barred by the statute of limitations, is not binding upon the estate, nor will it revive the right of action, or withdraw the claim from the operation of the statute.

*Quære.* Where a valid claim exists against an estate, upon which an action might be maintained, can the executor or administrator, by an express promise to pay at a future time, give the party a right of action founded on such promise, which will authorize a judgment to be recovered out of the assets of the estate?

The statute of limitations of 1822, § 13, (Hutch. Co. 827,) only applies to judgments rendered against intestates or testators; not to judgments rendered against executors and administrators.

The act of limitations of 1844, § 12, applies only to judgments rendered against testators or intestates, or to claims upon which the party had causes of action which existed against them at or before their death. *Held*, that judgments rendered against executors or administrators after their qualification, and de-

Bingaman et al. *v.* Robertson.

mands, on which the right of action has accrued after the death of the testator, are regulated by other provisions of the law; by none of which is the judgment in this case barred.

ON appeal from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

This suit was commenced by bill in the vice-chancery court on the 26th of October, 1849, and is on a judgment recovered by the Agricultural Bank of Mississippi against the appellants, as executors of Benjamin Harman, deceased, in the circuit court of Adams county, at the November term, 1841, for $49,191.08; which judgment the Agricultural Bank, for a valuable consideration, transferred to the Commercial Bank of Natchez, at the instance of the appellants, on the 5th of May, 1842. As a part of the arrangement in the transfer, and to benefit and save Harman's estate, the executors at the same time agreed that the debt and interest should be paid in equal annual instalments, maturing the 1st January, 1843, 1844, 1845, and 1846. The bill also states that Harman's will authorized this extension of time, to save the estate from being sacrificed if pressed for the debt, in the executors' management of it, independently of their power to do so by virtue of their office.

The statute of limitations was relied on by plaintiffs in error as a defence in their answer to the bill of complaint, which was demurred to, and the demurrer sustained; from which the plaintiffs in error prayed an appeal to this court.

*J. Winchester*, for appellants.

The error complained of in this case is the overruling of the demurrer of defendants to the bill.

The complainant must not only show by his bill that he has an interest in the subject-matter of the suit, and a title to institute suit thereon in equity; but also, in this case, that the estate of Benjamin Harman, deceased, is liable to the demand. If the liability of the estate is not shown by the bill to be a subsisting one at the date of filing the bill, the same will be dismissed on demurrer. 1 Dan. Ch. Pr., Perkins's Ed.

Bingaman et al. *v.* Robertson.

An administrator has no power to charge the assets of the estate by a contract originating with himself; but for his own contracts, made by him in the course of his administration, he is liable *de bonis propriis.* *Sumner* v. *Williams*, 8 Mass. 162; *Foster* v. *Fuller*, 6 Ib. 58.

An administrator is liable personally for goods purchased by him for the use and benefit of the estate of the deceased. *Harding* v. *Evans*, 3 Port. 221.

Administrators are liable personally for the debts contracted for the benefit of the estate. *Wood* v. *Field*, 5 Verm. 218; *Noble* v. *Brill*, 2 N. & M. 328; *McEldery* v. *McKenzie*, 2 Port. 33; *Davis* v. *French*, 2 App. 21; *Sims* v. *Stilwell*, 3 How. 176.

An administrator is bound to plead the special statute bar of four years in an action for any debt barred thereby. *Brown* v. *Anderson*, 13 Mass. 201; *Thompson* v. *Brown*, 16 Ib. 172; *Emerson* v. *Thompson*, Ib. 429; *Heath* v. *Wells*, 5 Pick. 140; *Wiggins* v. *Lovering*, 9 Mis. 262; *Thayer* v. *Hollis*, 3 Met. 369.

*McMurran*, for appellee.

The judgment having been rendered in 1841, the statute of limitations of twenty years in the law of 1822, already cited, had commenced running; and it could not be suspended nor superseded by the subsequent act of 1844, according to the provisions of the 18th section, or upon general principles.

This view of the question, too, is in accordance with the decisions of this court.

Thus, in the case of *The West Feliciana R. R. Co.* v. *Stockett, Adm'r*, 13 S. & M. 395, it is decided that the 12th section of the act of 1844 is prospective, and applies only to administrators appointed after the passage of the statute. This decision covers the present case.

So, in the case of *Wilkinson & Co.* v. *Berringer, Adm'r*, 1 Cushman, 319, the same doctrine is laid down. See, also, the case of *White* v. *Johnson*, Ib. 68.

But the executors had the power to extend the day of payment of a debt not barred, and by this extension the statute did not run till two years before suit.

This court has repeatedly decided, that a *scire facias* or suit

at law could not be maintained by the holder of a claim which had been transferred by a bank, whose charter had been subsequently forfeited, in the name of the trustee appointed upon the forfeiture of the charter; that the only remedy was in equity, in the name of the holder or assignee of the claim. The decision of the court in the case of *Bacon et al.* v. *Perry Cohea,* 12 S. & M. 516, settles the question; and I believe it has been so considered since, and it has been repeatedly so decided since.

It has also been objected, that Peale, the trustee of the late Agricultural Bank, has been improperly made defendant in the case. I think not. But if it be so, the other defendants, Harman's executors, cannot take advantage. Peale, the only party who can make the objection, does not demur or object. If he be not a necessary or proper party, he might demur or disclaim, and he would be entitled to his costs; but the other defendants cannot do so for him; it cannot affect them one way or the other. Story, Eq. Pl. § 237, p. 203 of some editions.

Mr. Justice YERGER delivered the opinion of the court.

At the May term, 1841, of the circuit court for Adams county, the Agricultural Bank obtained a judgment against the appellants, as executors of Benjamin Harman, deceased; which judgment was afterwards transferred and assigned to the Commercial Bank of Natchez. The charters of both these banks have been declared forfeited, and the corporations dissolved, by virtue of proceedings had under the act of 1843; and the appellee, William Robertson, was appointed as trustee to sue for and collect the assets belonging to the Commercial Bank of Natchez.

On the 26th day of October, 1849, Robertson filed a bill in the superior court of chancery to enforce the collection of this judgment, upon the ground, that execution at law could not be taken out by reason of the forfeiture of the charter of the Agricultural Bank, and the consequent dissolution of the corporation. This bill was demurred to, and the demurrer overruled.

The objects sought to be obtained by this bill, are the same

that would be reached, ordinarily, by means of a *scire facias*, to revive. But as the Agricultural Bank, at the dissolution of that corporation, had no interest in the judgment, no proceedings to collect it could be sued out in the name of the trustee of that bank, as was ruled in the case of *Bacon* v. *Cohea*; and hence the necessity of applying to a court of equity in this case. But it is said, this court will not grant the relief asked, because it appears on the face of the record, that the original judgment at law was rendered upon a promise made by the executors after the death of the testator.

It is probably a sufficient answer to this objection to state, that in our opinion the defendants have no more right to insist in this proceeding upon a defence that existed prior to the rendition of the judgment at law, than they would have had if it had been a proceeding by *scire facias* to revive the judgment at law.

But if we were willing to go behind the judgment, and to permit the party to insist in this proceeding upon a defence which might have been made to the rendition of the judgment, we are not prepared to hold, that no action could have been maintained to charge the estate, upon the promissory notes given by the executors. It is certainly true, that a promise made by an executor to pay a debt barred by the statute of limitations is not binding upon the estate, nor will it revive the right of action, or withdraw the claim from the operation of the statute of limitations. But it has not yet been decided, nor are we prepared to decide, that where a valid claim exists against an estate upon which an action might be maintained, the executor may not, by an express promise to pay at a future time, give the party a right of action founded on such promise, which will authorize a judgment to be recovered out of the assets of the estate.

But it is said that the statute of limitations bars the right to enforce this judgment, and we are cited to the 13th section of the act of 1822, (Hutch. Code, 827,) and the 12th section of the act of 1844, (Hutch. Code, 831).

These sections have been carefully examined, and we do not think they apply to this case.

There is but a slight difference in the phraseology of the two sections. By the 13th section of the act of 1822, it is declared, that no action of debt shall be brought against an executor or administrator upon a judgment obtained against the testator or intestate, nor shall any *scire facias* be issued to revive the same, after the expiration of six years from the qualification of the executor or administrator; and all such judgments, after the expiration of six years, upon which no proceedings shall have been had, shall be deemed to have been paid and discharged.

It will then be seen, that this section only applies to judgments against the testator or intestate; and, as the judgment sought to be enforced in the present case was not rendered against the testator or intestate, but against the executors, the statute clearly does not apply to it.

Neither do we think, that the 12th section of the act of 1844 bars the right of complainants to enforce their judgment; as we conceive that section only applies to judgments rendered against the testator or intestate, or to causes of action which existed against the testator or intestate.

This is manifest from the words of the act, which are as follows: " No action, or suit at law or in equity shall be brought against any executor, administrator, or other person or persons having the charge or management of the estate of a testator or intestate, upon any judgment or other cause of action against his testator or intestate; nor shall any *scire facias* be issued against any executor, &c., to revive any judgment or other cause of action, after the expiration of four years from the qualification of such executor, &c.; and all such judgments or other causes of action, after the expiration of four years as aforesaid, upon which no proceeding shall have been had, shall be deemed to have been paid and discharged." The first clause in this section only refers to "judgments or other causes of action against the testator or intestate." But it is said, that the clause referring to the revival of judgments is general, and applies as well to judgments against the executor or administrator, as to judgments against the testator or intestate. This is certainly not the proper construction of the statute, which fixes the period at which the limitation shall

begin to run, not at the date of the judgment or the maturity of the claim, or when the cause of áction has accrued, but "from the qualification of the executor," &c., a period of time when there could not exist against him, as executor, any judgment; and we cannot suppose it to be possible, that the legislature intended to fix the period at which the limitation should commence running, anterior to the rendition of the judgment itself.

In our opinion, the twelfth section of the act of 1844 only applies to judgments rendered against the testator or intestate in his lifetime, and to claims upon which the party had a cause of action at or before his death. Judgments rendered against the executor or administrator after his qualification, and demands on which the right of action has accrued after the death of the testator, must be regulated by other provisions of the law, by none of which is the enforcement of the judgment in this suit, barred. Let the decree be affirmed.