WILLIAM DAMPIER *vs.* ST. PAUL TRUST COMPANY.

July 10, 1891.

**Estates of Decedents—Expenses of Funeral — Liability of Administrator.**—The rule that an executor, if he have sufficient assets, is liable to an undertaker who, at the request of those in charge of the remains of a deceased person, rendered services in and about the interment, is the same in the case of an administrator.

**Same—Refusal to Pay — Individual Liability of Administrator.**—An administrator who, having assets in his hands, refuses or neglects to pay the funeral expenses of his intestate, being requested so to do, is individually liable at the suit of the undertaker.

**Same—Allowance by Probate Court Unnecessary.**—Proper funeral costs and charges are expenses of administration, and are to be paid by the administrator or executor out of any funds in his hands; he receiving credit for the amount upon his account. Such costs and charges are not claims and demands which must be first presented to the judge of probate for examination and allowance.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, overruling a demurrer to the complaint, which stated a case in substance as follows: One Blood having died, in June, 1888, the plaintiff, an undertaker, at the request of a brother and of a friend of the deceased, took charge of the burial and furnished what was required therefor, the services rendered and goods furnished being suitable to the station in life of the deceased and the circumstances of his estate, and being necessary and reasonable, and being worth $101.50. The deceased died intestate, and in August, 1888, the defendant was duly appointed administrator of his estate, and in November following received about $900 belonging to such estate; and while that sum was in the de-

fendant's hands the plaintiff presented his bill to defendant and requested payment, which was refused, and the defendant proceeded to pay the debts of the deceased, rendered its final account, and distributed the residue of the estate to the heirs-at-law of the deceased, and in March, 1889, was discharged as administrator.  No part of plaintiff's bill has been paid by any person.

*Harvey Officer,* for appellant.

*S. A. Anderson,* for respondent.

COLLINS, J.  It appears to have been settled beyond dispute in this country, as well as in England, that an executor or an administrator, having sufficient assets in his hands, is liable upon an implied promise to a third person who, as an act of duty or of necessity, has provided for the interment of a deceased person, if the funeral was conducted in a manner suitable to his station in life, with proper reference to the means of the estate, and the charges are fair and reasonable.  *Patterson* v. *Patterson,* 59 N. Y. 574; *Rappelyea* v. *Russell,* 1 Daly, 214; *Hapgood* v. *Houghton,* 10 Pick. 154; *Fitzhugh* v. *Fitzhugh,* 11 Grat. 300; *Rogers* v. *Price,* 3 Younge & J. 28; *Tugwell* v. *Heyman,* 3 Camp. 298; *Corner* v. *Shew,* 3 Mees. & W. 350.  And we think this view of the law is very clearly indicated in *McNally* v. *Weld,* 30 Minn. 209, (14 N. W. Rep. 895.)  An unsuccessful effort has been made on several occasions to have the courts distinguish and discriminate between executors and administrators in respect to this rule, by limiting its application to the first-mentioned class of representatives.  Valid reasons for the adoption of the doctrine may be found amply stated and thoroughly discussed in nearly all of the cases cited in support of it, and need not be restated or again considered at this time.  They are quite as relevant and cogent when the representative of the estate is an administrator as when he happens to be an executor.  The grounds for the rule are as pertinent and forceful in the one case as in the other.

It is urged by the appellant that the claim in question should have been presented to the judge of probate for allowance under the provisions of Gen. St. 1878, *c. 53;* but a clear distinction has always existed, and has not been obliterated by the statute of this state, between the debts of the decedent and those incurred by the personal

representative of the estate in due course of administration. Among the latter are included proper and reasonable funeral expenses. The expenses of administration are the debts of the decedent only in the sense of constituting a necessary incident to the post-mortuary disposition of the property; and, since they imply the act of the person having charge of the administration, such person necessarily incurs a personal liability to discharge them, if advised thereof and in possession of sufficient assets. An examination of the statute in force when the appellant was administrator of the estate in question (Gen. St. 1878, cc. 51–56, inclusive) will demonstrate that no statutory provision can be found inconsistent with the rule that it is the duty of an administrator or executor to discharge and pay the costs and charges incident to the interment, in the first instance, and, having done so, he is entitled to credit in his account as an expense necessary to the proper administration of the estate. It is obvious from the various statutory enactments in reference to the presentation of claims and demands for examination by the judge of probate within a period of time fixed by him, and also in reference to the settlement of estates, that the expenses of administration are not included. Claims and demands "against the deceased" alone are mentioned, The costs of administration, including funeral expenses, are to be examined and passed upon by the probate court when the representative of the estate presents his account for allowance; and this has undoubtedly been the common practice in the probate courts of this state for many years.

It was not incumbent upon the respondent to submit his bill for undertaker's services to the probate court, as a claim and demand "against the deceased." While sufficient assets belonging to the estate were in appellant's hands as administrator, and awaiting distribution, the bill in question, concededly just and reasonable, was presented to it by a friend of the deceased, who, in connection with a brother of the dead man, had caused the services to be rendered by respondent. The appellant's liability then became fixed, and can only be discharged by payment of the amount.

Order affirmed.