## CARRIE STROMBERG v. LOUIS C. STROMBERG.[1]

November 15, 1912.

Nos. 17,634—(46).

**Widow's allowance.**
> Under section 3653, R. L. 1905, the allowance to the widow of the personal wearing apparel and a limited amount of the household goods from the husband's estate, is confined to the articles specified, and she has no right to select money or other property in lieu thereof.

**Same — when decedent was nonresident.**
> The widow of a nonresident decedent is entitled to the statutory allowance out of the property of her husband found in this state where it appears that her husband left no other property whatever.

The probate court for Goodhue county discharged and denied the petition of Carrie Stromberg for an order directing Louis C. Stromberg, as administrator of the estate of her deceased husband, to turn over to her such sums as she was entitled to under law as widow of deceased. From that order, petitioner appealed to the district court for that county, where the appeal was tried before Johnson, J., who

1 Reported in 138 N. W. 428.

made findings and as conclusion of law found that petitioner was not entitled to any relief and dismissed the petition. From the judgment entered pursuant to the findings and order for judgment, Carrie Stromberg appealed. Reversed and remanded.

*George Frantzen, Charles J. Tryon* and *Lew C. Church,* for appellant.

*F. M. Wilson,* for respondent.

HOLT, J.

Peter J. Stromberg died in Chicago, Illinois, while a resident therein, leaving him surviving his widow, the appellant, but no issue. He left no estate whatever in the state of his domicil, either in the way of household furniture or other personal property, except that he carried $2,000 life insurance payable to his estate. His brother was appointed administrator of the estate by the probate court of Goodhue county, Minnesota. He, having possession of the insurance policy, collected the full amount thereof. Resident creditors of the deceased presented claims against the estate which were duly allowed by said probate court, aggregating more than $2,000. Appellant, as widow, presented her petition for the statutory allowance of the equivalent for household goods in money, and also for the sum of $500 out of other personal property. Her petition was denied in toto by the probate court and also by the district court on appeal. She appeals to this court from the judgment entered on the findings and order of the district court.

We are clear that the trial court was right in holding that, where a decedent left no household goods, the widow is not entitled to have any allowance in lieu thereof. If there be household goods, she is entitled to select and keep such to the value of $500, but the statute, section 3653, R. L. 1905, does not allow her to select an equivalent in other property. Her right to the selection of certain specified articles of her deceased husband's property is clearly confined to those articles, the household goods, not to exceed a fixed value. In regard to the additional allowance of $500, it is equally clear that she may select money or any other form of personal property of her deceased husband.

Therefore the only doubtful question in the case relates to the court's ruling that a widow of a nonresident decedent is not entitled to claim the statutory allowance from his estate, the whole thereof being in this state. It is true that, for the purposes of distribution of the estate of a nonresident decedent, all his personal property is regarded as being situate at the place of his domicil, subject to the right of his creditors in the state where the property is actually found to lay hold thereof through ancillary administration in the probate court to the extent of satisfying their claims. And the respondent confidently asserts that under section 3687, R. L. 1905, the whole estate of a nonresident decedent, as far as it may be laid hold of here, is subservient to the rights of the creditors here residing. But this section must be construed in connection with section 3653 above cited, and also sections 3714 and 3715 of the Code. By the last two sections it is provided that, after the inventory has been filed and before any claims are presented or allowed, the surviving spouse may petition the court to set aside the homestead and assign to her the personal property allowed by law. Thereupon the court shall make an order setting aside such homestead and assigning such property to her. The last part of section 3715 reads:

"The property so set aside shall be delivered by the executor or administrator to the person entitled thereto, and shall not be treated as assets in his hands."

The part the widow is entitled to is not to be included in the estate to be administered upon, and is not subject to the expenses of administration or the payment of proved claims, and is no part of the residue to be distributed. All that the probate court is called upon to do with relation to such property is to segregate it from the rest of the estate and order the executor or administrator to deliver it to the widow. Section 3653, supra, reads: "When any person dies owning personal property or any interest therein, the same shall be disposed of and distributed as follows." Then comes first the allowance to the widow; secondly, the funeral expenses and expenses of administration, and thirdly, the distribution of the residue. The

statute is not limited to residents, either as to the decedent or the surviving spouse. The instant case is not one of ancillary administration, strictly speaking, for it appears from the findings "that said life insurance policy was all the property or estate of any kind owned by said Peter J. Stromberg at the time of his death, and that said life insurance policy constituted his entire estate." There can therefore be no other place or opportunity for this widow than here, in this proceeding, to claim her allowance. A humane and beneficent. purpose to make some provision immediately available to one bereft of support is manifest in this statute, and we think the widow of a nonresident ought not to be deprived of this benefit provided by our law, where it clearly appears that the only property belonging to the estate of her deceased husband is here.

Justice Mitchell, in the concurring opinion in Benjamin v. Laroche, 39 Minn. 334, 40 N. W. 156, in apt and terse language, expresses the true status of the personal property which the surviving spouse takes under our law: "I concur, but would place the decision upon the ground that the right of a widow to the property allowed her by subdivision 1, § 1, chapter 51 [R. L. 1905, § 3653] is as absolutely vested the instant of the death of her husband as that to her distributive share of the balance of the estate, the only difference being that in the one case the property is subject to administration,. and in the other not."

That this is now the law appears clearly from the opinion in Simmons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265, where Mr. Justice Brown says with reference to a widow's right under this statute: "The clear intention of the legislature was to vest an absolute right to the property mentioned in the widow; the only act remaining to be done after the husband's death being the designation of the particular property selected by her. * * * It was clearly not the intention that the property so 'allowed' should enter into the administration of the estate at all."

The fiction of law that the situs of the personal property of a nonresident decedent is in the state or country of his domicil is only for the purpose of distributing the residue of the estate, subject to the expenses of administration and the rights of creditors, in the state

where the property is actually found. Property not subject to administration or distribution need have no situs by fiction of law to come into the possession of the true owner. No legislative intent to restrict the scope of the beneficiaries named in the first subdivision of said section 3653 to resident widows or widows of nonresident decedents is found in the language itself. It is all comprehensive. In view of the fact that enactments of similar import to said section are found so generally upon the statutes of sister states, it would seem that by comity we should extend to a widow who comes into the state where the only property of her deceased husband is found, the same right she would have had if both she and her deceased husband were domiciled here. In the case note to Jones v. Layne (N. C.) 11 L.R.A. (N.S.) 361, it is said:

"A state within whose borders personal assets of a decedent are found has the power to grant an exemption or allowance to the widow out of those assets, irrespective of the domicil of her husband at the time of his death. * * * Generally, however, the local statutes on the subject are not explicit with respect to the effect of the residence or domicil of the deceased in another state at the time of his death; and in such situation the well-established principle of private international law, that the distribution of the personal estate of a decedent is governed by the law of his domicil is allowed to control."

Even when such statutes are not explicit a restricted construction has not been given. Jones v. Layne, supra, and In re Estate of Gill, 79 Iowa, 296. In Kapp v. Public Adm. 2 Brad. (N. Y.) 258, upon facts similar to those here involved and under a statute much like our own, the rights of the widow to certain personal property of her deceased husband were not limited by the fact of decedent's domicil in another state.

The judgment must therefore be reversed and the case remanded with direction to the court below to modify the conclusion of law so that judgment conforming to the views herein expressed may be entered.

Reversed and remanded.