# Roche Undertaking Company *v.* DeBardelaben

## *Assumpsit.*

(Decided December 19, 1912. Rehearing denied January 13, 1913. 60 South. 1000.)

*Executors and Administrators; Claims; Presentation.*—The claim for funeral expenses of a decedent is not a claim against his estate, such as mentioned in sections 2590 and 2593, Code 1907, so as to be required to be filed, verified and presented within twelve months, but falls within the class of claims mentioned in section 2589, Code 1907.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the Roche Undertaking Company against P. H. DeBardelaben, as administrator. Judgment for defendant and plaintiff appeals. Reversed and remanded.

SULLIVAN & STALLWORTH, for appellant. The claim here was not a claim against the decedent, but was a

[Roche Undertaking Company v. DeBardelaben.]

claim against his personal representative, and as such fell in the class of claims mentioned in section 2589, Code 1907, and hence, did not need to be filed or verified, as are claims against the estate.—*Gayle v. Johnson,* 72 Ala. 254; 2 Williams Executors, 871; *Jones v. Duberry,* 72 Ala. 311. The court, therefore, was in error in overruling demurrers to the special pleas. For authorities upholding the above contention, we call attention to *Fretwell v. McLemore,* 52 Ala. 124; 14 Ark. 246; 49 Cal. 111; 79 N. Y. 129; 81 Am. Dec. 140; 72 N. W. 843; 52 Atl. 446; 3 Atl. 529; 55 Pac. 783; 49 N. W. 286; 68 Mo. App. 298; 69 S. W. 962; 17 Am. Rep. 384; 10 Pac. 26; 15 Pac. 28. Only such claims as are filed in the probate office need verification.—*Peevey v. Bank,* 132 Ala. 82; *Rayburn v. Bank,* 130 Ala. 217.

H. H. McCLELLAND, for appellee. The claim was within the class mentioned in sections 2590 and 2593, and should have been verified and presented within the time allowed by the statute.—*James v. Drewry,* 72 Ala. 311; *McDowell v. Jones,* 58 Ala. 25; *Fretwell v. McLemore,* 52 Ala. 124; *Nicholeas v. Sands,* 136 Ala. 267.

THOMAS, J.—There is but one question presented by this record, and that is: Is the claim of a third person for the funeral expenses of a decedent such a claim against his estate, within the contemplation of our statutes, as that it has to be verified and presented as a claim against his estate within 12 months after grant of letters of administration thereon, in order to prevent its payment being barred or prohibited by the statute of nonclaim (Code 1907, §§ 2590, 2593)? We are of opinion that it is not. Said section 2590 provides: "All claims against the estate of a decedent, *r than the claims referred to in the preceding sec-*

*tion,* must be presented within twelve months after the same have accrued, or within twelve months after grant of letters testamentary or of administration; and if not presented within that time, they are forever barred, and the payment or allowance thereof is prohibited." It will be observed that this section (2590) by its plain terms has reference to *"all claims* against the estate of a decedent, *other than claims referred to in the preceding section."* Hence, unless the claim here in controversy falls within · some of the classes of claims mentioned in such "preceding section [2589]," then it too is governed by section 2590—the one quoted—and must be presented within the time therein required, after proper verification as prescribed in section 2593. But we are of opinion that it does fall within the classes of claims mentioned in such "preceding section [2589]," and that to it we must look for guidance as to the course to be pursued with reference to the claim in controversy. That "preceding section [2589]" provides: "All claims against the estate of a decedent held by the personal representative of such decedent * * * which accrued prior to the grant of letters, must be presented within twelve months after the grant of letters; and all such claims accruing after the grant of letters must be presented within six months after the same have accrued, etc. * * * But this section does not apply to claims of executors or administrators to compensation for their services as such, nor to *sums properly disbursed by them in the course of administration."*

The claim of a third party for the funeral expenses of a decedent is not a claim against the decedent within the meaning of the statutes, for it is for services rendered after he was dead and when he could make no contract or promise, or incur no liability, to pay f  them; hence section 2590, the first quoted hereinb

and section 2593, the auxiliary of the former, have no application to such a claim. But such a claim is by legal implication a claim against the administrators or executors of the decedent to the extent of assets of the estate in their hands. The law, in order to effectuate and carry out the natural desire of persons in general to be buried in a manner reasonably commensurate with their means and station in life, in the absence of a special contract to that end made by them during life, presumes, after they are dead and **cannot act for themselves**, a request from their personal representative to the relatives or friends of the deceased to give the latter's remains such a burial, and the law implies a promise from such personal representative to pay therefor out of the funds of the dead man's estate. Hence, the claim for the same is against such personal representative, chargeable by him against the assets of the estate in his hands, and is not a claim against the decedent. When the personal representative pays it as the law so binds him to do, he himself then has, as said, a claim against the estate, for which he is to be allowed credit by the probate court in his accounts on settlement of the estate, just as he is allowed credit for court costs, attorney's fees, or other debts that he has expressly contracted in his representative capacity in the proper administration of the estate. When he has paid such funeral expenses, his claim against the estate, for reimbursement or credit therefor—unlike claims held by him against the estate arising under contracts made or torts done by the deceased in his lifetime—does not have to be formally verified and filed, like they do, as a claim against the estate; for such a claim is included in the words "sums properly disbursed by them [executors and administrators] in the course of administration," as those words are

used in the concluding paragraph of section 2589—second quoted hereinbefore—and which section relieves the necessity of verifying and presenting any such claims of an executor or administrator.

These conclusions are expressly supported by the following authorities in other states, and we find none to the contrary; *Dampier v. St. Paul Trust Co.*, 46 Minn. 526, 49 N. W. 286; *Sawyer v. Hebard*, 56 Vt. 375, 3 Atl. 529. See Cyc. vol. 18, p. 455. They are likewise the necessary result of the reasoning employed by our own Supreme Court in the case of *Gayle's Adm'r v. Johnson*, 72 Ala. 254, 47 Am. Rep. 405, where the court, though dealing with a different question from that here, speaking through BRICKELL, C. J., use the following language: "The remaining claim is for money paid by the appellee for a burial casket for the intestate. Funeral expenses, says Lord Coke, according to the degree and quality of the deceased, at common law were allowed of the goods of the deceased, before any debt or duty whatever, and his burial was the first duty of the executor. If there was no executor, or he was unknown, or not at hand, a friend or a stranger may attend to the duty, and bury the deceased in a manner suitable to the estate he leaves behind him; and the necessary expense must be repaid him by the personal representative, having assets though he neither ordered nor had knowledge of the expenditure. The burial here [in our state] of necessity devolves as a duty upon friends or relatives; for, until 15 days after death, there can be no administration or grant of letters testamentary. Priority of payment of funeral expenses, as at common law, the statute secures. The amount of such expenses, when paid by a friend or relative, is regarded as money paid on request of a personal representative; and the law raises a promise to repay it so far as he has assets."

We find nothing said in the case of *Jones v. Drewry,* 72 Ala. 312—cited by counsel for the administrator—to conflict with these views. The court there, dealing only with a debt contracted by decedent outside of this state, in speaking through the same great judge, with reference to what claims have to be presented in order to prevent a bar by the statute of nonclaim, say: "Every claim or demand existing against a testator or intestate at the time of his death, or subsequently accruing, * * * is regarded as falling within the operation and bar of the statute."

The claim here is neither a "claim or demand existing against the testator or intestate at the time of his death," as is undoubtedly clear, nor one "subsequently accruing" against such testator or intestate; for, as we have endeavored to point out, it is merely a claim against his personal representative. The words "subsequently accruing" as used in the opinion from which they were quoted have reference to contracts made by decedent during his lifetime, rights under which did not accrue in favor of the claimant until after decedent's death. Such claims by the express provisions of the Code (section 2590) do not have to be presented within 12 months after grant of letters, but within 12 months after accrual of rights under them. This is made clear from the following language of the same judge in *McDowell v. Jones,* 58 Ala. 32, to-wit: "Or there may be claims not within its operation [that is, the statute requiring presentation within 12 months after grant of letters of administration], because they do not accrue, until the doing of some act by another, after the grant of administration. When the act is done, and the claim has accrued, the bar of the statute is computed, not from the grant of administration, but from the accrual of the claim. The familiar illustration is the pay-

ment by a surety of the debt of the principal. The claim of the surety for reimbursement arises only on making payment, and from that time his claim falls under the bar of the statute." See *Neil v. Cunningham,* 2 Port. 171; *McDowell v. Brantley,* 80 Ala. 381; *Stakely, etc., v. Ex., etc.,* 145 Ala. 380, 39 South. 653.

If we were to construe the words "subsequently accruing" as found in the quotation hereinbefore from *Jones v. Drewry, supra,* as sweepingly as appellee insists, they would cover all obligations created by the personal representative after the decedent's death, during the course of administration, such as fees to counsel for representing him in the administration of such estate, etc. Funeral expenses belong to the same class of obligations, for they are against the personal representative, and not the decedent—the former upon express contract, the latter upon an implied one. We do not regard the case of *Nicholas v. Sands,* 136 Ala. 268, 33 South. 815, cited by appellee, as an authority; for the question here considered was neither passed on in that case nor necessarily involved in it.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.