## W. C. BARRETT v. MORITZ HEIM.[1]

May 12, 1922.

No. 22,687.

**Action for funeral expenses.**
1. Action against one who was administrator of an estate to recover funeral expenses. The only asset that came into his hands as administrator was a sum of money less than $500.

**No evidence of promise to pay.**
2. There is no evidence to sustain a finding that defendant promised to pay plaintiff's claim.

**Liability of administrator after refusal to pay funeral expenses.**
3. A claim for funeral expenses need not be presented for allowance and an administrator who has sufficient assets in his possession is personally liable if he refuses to pay such a claim after demand.

[1]Reported in 188 N. W. 207.

**Widow's allowance not subject to payment of funeral expenses.**

4. Under our statutes a widow has an absolute right to personal property of her deceased husband to the amount of $500 and such amount is not subject to the payment of even funeral expenses.

**Widow residing abroad within the statute.**

5. The statute makes no exception and a widow residing in a foreign country is entitled to the benefits of the statute.

Action in the district court for St. Louis county to recover $100.50 funeral expenses. The case was tried on stipulated facts before Daly, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion for amended findings was denied. From the judgment entered pusuant to the order for judgment, defendant appealed. Reversed.

*Crassweller & Crassweller*, for appellant.

*Courtney & Courtney* and *Thomas S. Silliman*, for respondent.

HALLAM, J.

1. Matija Smrcek, a native and citizen of Austria Hungary, residing in St. Louis county, Minnesota, died intestate in St. Louis county on November 17, 1916, leaving a widow and daughter natives and residents of Austria Hungary. Plaintiff furnished the burial casket and rendered services as an undertaker of the value of $100.50. On January 11, 1917, defendant was appointed administrator of the estate of decedent. The only assets that came into his hands as administrator was $329.77 in money. Plaintiff demanded of defendant the payment of his bill, but it was refused. On March 3, 1919, the final account of defendant as administrator was allowed. Upon the hearing of the account defendant represented to the court that the funeral expenses had been paid by the employer of deceased. The expenses of administration were deducted from the $329.77 and the balance was assigned to the widow. Plaintiff then brought action against defendant to recover the amount of his bill. The court gave judgment for plaintiff and defendant appeals.

2. The court found as a fact that defendant promised and agreed to pay plaintiff's bill. This finding is challenged as not sustained

by the evidence. We find no evidence of any such promise and the objection to this finding must be sustained.

3. It was held in Dampier v. St. Paul Trust Co. 46 Minn. 526, 49 N. W. 286, that under our statutes a claim for funeral expenses need not be presented to the probate court for allowance, and also that an executor or administrator who has assets in his possession available for payment of such a claim is personally liable if he refuses to pay it after demand. Since demand was made in this case the only question is whether the money in defendant's hands as administrator could have been used by him to pay funeral expenses. We think it could not.

4. G. S. 1913, § 7243, provides that when a person dies owning personal property the widow shall be allowed the personal property not exceeding $500 in value to be selected by her and an allowance for maintenance as the court deems necessary, and further provides that "if the personal estate amounts to more than the allowances mentioned in this section, the excess thereof, after the payment of the funeral charges and expenses of administration, shall be applied to the payment of the decedent's debts."

Section 7307 provides that, after return of the inventory, the surviving spouse may petition the court to set aside the homestead and assign the personal property allowed by law, showing the personal property selected and the appraised value thereof, and section 7308 provides that the property set aside pursuant to said petition "shall be delivered by the executor or administrator to the person entitled thereto, and shall not be treated as assets in his hands."

In Benjamin v. Laroche, 39 Minn. 334, 40 N. W. 156, it was held that the right of the widow to personal property to the amount of $500 is absolute and the appropriation by the widow of the prescribed amount without a formal order of the court was sustained.

In Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265, it was held that the statute vested in the widow an unqualified right to this amount of property immediately upon the husband's death and that selection is necessary only as a designation of the particular property she elects to claim.

In Stromberg v. Stromberg, 119 Minn. 325, 138 N. W. 428, the court referring to section 7308 said [p. 327]: "The part the widow is entitled to is not to be included in the estate to be administered upon, and is not subject to the expenses of administration or the payment of proved claims, and is no part of the residue to be distributed." See also Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876, Ann. Cas. 1917B, 941; State ex rel. Pettit v. Probate Court of Hennepin County, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917E, 436.

The provisions of our statutes and the language of our decisions leave no room for doubt that the amount that came into the hands of the administrator, being less than $500, was not subject to the payment of funeral expenses and could not be applied by the administrator for that purpose.

5. The trial court was of the opinion that if the widow had lived in Minnesota this position would be correct, but that, since she lived in a foreign country, she is not entitled to take advantage of the beneficial provision of our statute, and that the provision for a widow's allowance was intended only for the benefit of residents of this state. With this we do not agree. The court is bound by the language of the statute. The statute makes no exception of foreign widows, and we cannot read any such exception into it. And this point has already been decided. The claimant in Stromberg v. Stromberg, supra, was a nonresident widow and her claim was sustained. See also Boeing v. Owsley, 122 Minn. 190, 200, 142 N. W. 129.

Counsel for plaintiff call attention to the fact that in the Stromberg case the trial court found that the decedent left no property in the state of his domicile and contends that distinguishes that case from this one. It is not intimated in the decision in that case that this fact was considered important in deciding the case. But however that may be we are of the opinion that the existence of facts depriving the widow of her allowance will not be presumed. Deceased resided in Minnesota. The administration here was apparently a principal and not an ancillary one. There is no proof or suggestion of assets elsewhere. The widow's allowance should prevail in the absence of some proof or showing of facts that bar her right.

The result may not be a happy one in this case, but the statutes seem to us clear and the legislature alone can alter them.

Judgment reversed.