ESTATE OF KELLY: SIMONS & SON, Appellant, vs. ZIMMER,
Executrix, Respondent.

*March 13—April 8, 1924.*

*Executors: Claims against decedents: Funeral expenses: Liability
of estate: Necessity of filing claim within time limited for
other claims.*

1. The jurisdiction of the county court to determine claims
   against a decedent's estate attaches on the filing of a petition
   for the probate of the will or to administer the estate of the
   deceased.  p. 489.
2. In the absence of an agreement between decedent and his
   undertaker, there is no contract express or implied creating
   liability against decedent for his funeral expenses; but there
   is an implied contract on the part of the executor or adminis-
   trator, having sufficient assets, to pay burial expenses prop-
   erly incurred by another.  p. 489.
3. A claim for funeral expenses paid before the appointment of
   an executor is not a claim against the deceased person, and is
   not barred if not presented within the time limited by the
   court for filing claims.  p. 489.
4. Where a near relative of decedent made funeral arrangements
   on the request of the sanitarium in which the death occurred,
   it is *held* that, as deceased was entitled to a decent burial with-
   out unseemly delay, there was not an officious interference,
   and, in the absence of evidence that the relative became per-
   sonally liable, decedent's estate was liable for the reasonable
   expenses thereof.  p. 490.
5. It was the duty of decedent's representative and of the court
   to protect the estate from excessive claims for funeral ex-
   penses.  p. 491.

APPEAL from an order of the county court of Milwaukee
county: M. S. SHERIDAN, Judge.  *Reversed.*

*J. J. McManamy* of Madison, for the appellant.

For the respondent the cause was submitted on the brief
of *O. L. O'Boyle* of Milwaukee.

JONES, J.  *Simons & Son,* undertakers, sought an order
directing the executrix of the will of Margaret Kelly to pay

them the amount of their bill for funeral expenses. The motion was denied.

Margaret Kelly died testate at Muirdale Sanitarium, Wauwatosa, on April 11, 1922. On the same day the following telegram was sent to Mrs. William Breuning, Lodi, Wisconsin, by the superintendent of nurses: "Will you take care of body of Mrs. Kelly. Mrs. Z. will not be responsible for costs of burial." Mrs. Breuning secured the services of *Simons,* who proceeded to Wauwatosa and superintended the preparations for burial and the bringing of the body to Portage.

On April 17, 1922, *Helen Zimmer,* as executrix, petitioned the county court of Milwaukee to have the will of the deceased admitted to probate. The county court made an order fixing the time and place of the hearing of the petition, and also ordered that notice be given of the time within which all creditors should present their claims. The time for the filing of claims expired on September 1, 1922, no claim having been filed by *Simons & Son.*

On January 16, 1923, the county court made an order requiring the executrix to show cause why the claim, amounting to $309, should not be paid. The motion came on for hearing on February 10, 1923, and on October 13, 1923, the court denied the motion of claimant on the ground that it had not been filed within the time limited for creditors to file claims and that the item was barred by the statute of limitations.

The estate of deceased consisted of a mortgage on real estate in the city of Portage of the approximate value of $2,000. Deceased had formerly lived in Portage and Lodi, but had been in the sanitarium for treatment for over a year prior to her death. Mrs. Breuning was a relative, and *Helen Zimmer* was executrix and also a beneficiary under the will.

It is the contention of counsel for the executrix that funeral expenses constitute a claim against the decedent and

must be filed and proved like other claims of that class. This makes it necessary to consider the statutes relating to the proof and payment of debts of deceased persons.

Sec. 3838, Stats., is as follows:

"On filing a petition for the probate of a will or petition for administration by any county court it shall be the duty of such court to receive, examine, and adjust the claims and demands of all persons against the deceased."

Sub. 1, sec. 3840, provides for fixing the time by order of the court within which creditors shall present their claims. Sub. 2, sec. 3840, provides that the court may also provide in the order that all claims for necessary funeral expenses, for the expenses of the last sickness of the deceased, and for debts having a preference under the laws of the United States which shall have been presented within sixty days after the date of such order will be examined and adjusted at the next regular or special term following the expiration of said sixty days, and it provides, after their allowance, that if there are not sufficient funds to pay such claims in full, they shall be paid in the order and manner provided in sec. 3852.

Sub. 3, sec. 3840, provides for notice of the time within which creditors may present their claims and for the time of giving such notice.

Sec. 3844 provides as follows:

"Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 3840 and 3840m, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action."

Sec. 3852 provides that if, after the amount of the claims against any estate have been ascertained by the court, it shall appear that the executor or administrator has in his possession sufficient to pay all the debts, he shall pay the same in full within the time limited. If not sufficient, he is

required, after paying necessary expenses of administration, to pay the debts against the estate in the following order: (1) the necessary funeral expenses; (2) the expenses of the last sickness; (3) debts having a preference under the laws of the United States; (4) wages due to workmen, under certain conditions; (5) debts due to other creditors.

It further provides that, if there are not assets enough to pay all the debts of any one class, each creditor shall be paid a dividend in proportion to his claim, and that no creditor of any one class shall receive any payment until all those of the preceding class shall have been fully paid.

Counsel for the executrix relies on sub. 2, sec. 3840, above referred to, as placing funeral expenses in the same class with expenses of the last sickness and other debts. It will be observed, however, that this section does not refer to claims for funeral expenses as a claim against the decedent, and the section is not inconsistent with the view that it is a claim against the executor or administrator. This provision was probably made to permit the payment of certain claims, whether against the decedent or administrator, at an earlier date than other claims. This subsection does not provide for giving any notice, and no notice was given in the instant case. The incorporating of the funeral expense referred to is not mandatory, but only permissive.

Counsel for the executrix also relies on sec. 3852, and argues that claims for funeral expenses are classed with the classes of claims which are undoubtedly claims against the decedent. But this section has no relation to the filing of claims, to the order for their filing, to the notice to be given, and to the bar for failure to give notice.

In determining the question before us we must look primarily to those sections of the statutes which relate to the nature of the claims to be filed, to the order fixing the time for presenting claims, to the notice to be given, and to the bar for failure to file within the time limited. If these sec-

tions have a doubtful meaning, other sections may have a bearing on their interpretation.

The jurisdiction of the court attaches on the filing of a petition under sec. 3838. By this section it is made the duty of the court to "receive, examine, and adjust the claims and demands of all persons *against the deceased.*" The following subsections, 1 and 3 of sec. 3840, provide for the order and the notice to "creditors" having claims. It seems natural to assume in these sections that the legislature had in mind the same kind of claims referred to in the first section, namely, "claims against the deceased" by creditors of the deceased.

It is very significant that sec. 3844, which bars claims not exhibited within the time limited for that purpose, mentions only persons having a "claim against a deceased person."

Men sometimes cause their own monuments to be erected and pay for them. But persons seldom if ever bargain with their own undertaker. In the absence of such a bargain there is no contract express or implied which creates a liability against the deceased. But there is an implied contract on the part of the executor or administrator having sufficient assets to pay burial expenses properly incurred by another. See collection of cases in 33 L. R. A. 661.

In some cases it is said that the law pledges the credit of the estate for the payment of such reasonable sums as may be necessary for the purposes of a decent burial of the deceased. This is because these expenses must be promptly incurred, and generally before the appointment of an executor or administrator. *Phillips v. Phillips,* 87 Me. 324, 32 Atl. 963; 11 Ruling Case Law, 223, and cases cited.

We are convinced that the claim in question was not one against the deceased and that it was not barred by the fact that it was not presented within the time limited by the order of the court. This view is in line with former decisions of this court.

In construing sec. 3840 it was said:

"This court has held that the claims thus referred to are limited to 'such as existed at the time of the death of the decedent or result from contracts made by him, and do not include claims or liabilities incurred by the personal representative in executing the trust.' " *Brown v. McGee's Estate,* 117 Wis. 389, 393, 94 N. W. 363; *McLaughlin v. Winner,* 63 Wis. 120, 23 N. W. 402.

The same rule was declared in *Dampier v. St. Paul Trust Co.* 46 Minn. 526, 49 N. W. 286.

The objection is made that the claim of appellant was against Mrs. Breuning, who hired him, and not against the estate. According to the rules of the sanitarium, patients were required to leave the name of the nearest relative on entering, and the name of Mrs. Breuning was given to the officers of the sanitarium pursuant to this rule. Under the facts we do not think there was any officious interference in making the arrangement with the undertaker.

The decedent was entitled to a decent burial without unseemly delay. There is no evidence that Mrs. Breuning became personally liable to the undertaker. Under such circumstances the estate became liable to him for the reasonable service rendered and the reasonable expenses of the funeral. *Dampier v. St. Paul Trust Co.* 46 Minn. 526, 49 N. W. 286; *Golden Gate Undertaking Co. v. Taylor,* 168 Cal. 94, 141 Pac. 922, 52 L. R. A. N. S. 1152, and note. See note in 33 L. R. A. 660; 2 Woerner, Am. Law of Admin. (3d ed.) § 357.

It is further argued by counsel for the executrix that if it is held that claims of this character are not presented to the court under the statute in question, serious abuses are likely to arise and that excessive charges will be made. No one would claim that claims of this kind are not subject to the scrutiny of the court, or that they may not be reduced if excessive. It appears to be the practice in at least a majority of the county courts of this state not to require

claims of this character to be filed like claims against decedents, but to have them considered on the final report of the executor or administrator. Doubtless such claims are often paid voluntarily by the representative of the estate before they have been approved by the court. In such cases, if they are excessive, the administrator or executor takes the risk of a partial disallowance of his account. Thus the duty is imposed both on the representative of the estate and on the court of protecting the estate from the abuses which are mentioned in respondent's brief.

It is our conclusion that testimony should be taken and that such reasonable allowance should be made for the services and for the expenses incurred as may be just.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion.