38

IN RE ESTATE OF JOHN SIDNEY ZIMMERMAN.
DELSIE A. PETRAGLIO v. BEATRICE B. WHITE.[1]

June 21, 1935.

No. 30,460.

*Bryce E. Lehmann,* for appellant.
*Otis H. Godfrey,* for respondent.

HILTON, JUSTICE.

John Sidney Zimmerman died testate December 16, 1931, in the state of Missouri, while a resident therein, leaving surviving him his widow, appellant, also a resident of that state. There were

[1]Reported in 261 N. W. 467.

no issue. By his will decedent bequeathed $500 to a brother; $500 to a sister, who is the executrix in the Minnesota probate proceedings, and made two other bequests aggregating $500. The residue was left to appellant. She elected not to take under the will. In the probate of the estate had in Missouri the widow received $400 in cash as a year's allowance for support and provisions and an additional allowance of $400 in cash as other personal property. The latter amount was the full allowance she could receive under the Missouri statute. Missouri Rev. St. 1929, c. 1, § 108. On January 8, 1933, appellant married one Petraglio at Rolla, Missouri, a resident therein. On February 20, 1934, she instituted ancillary proceedings in the probate court of Ramsey county, Minnesota. In her petition she set out the above facts and prayed for an additional allowance out of decedent's personal property in this state of the value of $500. The personal property selected by her for that purpose was a claim against two insurance companies which had been reduced to cash pursuant to court order authorizing settlement of an action brought by one Emma Klos (who claimed the right to the proceeds of the policies) against the insurance companies and the executrix, by payment to the executrix of $602.38 and $500 to the claimant. Appellant's second husband died May 16, 1934, and appellant has remained a resident of Missouri.

From an order of the probate court denying her petition, the widow appealed to the district court, which, after making findings of fact and conclusions of law ordered judgment in favor of the executrix and in all things affirmed the order of the probate court. The widow appeals from the judgment entered pursuant to that order.

The main question presented is whether the widow, having received the allowances provided for by Missouri statutes, is also entitled to the allowance of "other personal property" not exceeding $500 authorized under our statute. 2 Mason Minn. St. 1927, § 8726.

This court has held that where the whole estate of a deceased nonresident is in this state, the widow is entitled to the allowances provided by the laws of this state. Stromberg v. Stromberg, 119 Minn. 325, 328, 138 N. W. 428, 429. It was therein stated:

"The instant case is not one of ancillary administration, strictly speaking, for it appears from the findings 'that said life insurance policy was all the property or estate of any kind owned by said Peter J. Stromberg at the time of his death, and that said life insurance policy constituted his entire estate.' There can therefore be no other place or opportunity for this widow than here, in this proceeding, to claim her allowance. A humane and beneficent purpose to make some provision immediately available to one bereft of support is manifest in this statute, and we think the widow of a nonresident ought not to be deprived of this benefit provided by our law, where it clearly appears that the only property belonging to the estate of her deceased husband is here."

In Barrett v. Heim, 152 Minn. 147, 150, 188 N. W. 207, 208, it was held that a widow living abroad was entitled to such $500 allowance out of the estate of an alien residing in this state. It was there said:

"The administration here was apparently a principal and not an ancillary one. There is no proof or suggestion of assets elsewhere. The widow's allowance should prevail in the absence of some proof or showing of facts that bar her right."

The proceedings here in the instant case are ancillary, and there were assets elsewhere out of which the widow received allowances in full under the laws of the domiciliary state. The facts here do not bring the case within the "humane and beneficent purpose" of our statute. Under the circumstances, the question presented is disposed of adversely to appellant by 2 Mason Minn. St. 1927, § 8763, which provides in part:

"In all cases of administration in this state of the estates of decedents who were non-residents, upon payment of the expenses of administration and of the debts here proved, the residue of the personalty shall be distributed according to the terms of the will applicable thereto, if there be a will, or according to the law of the decedent's domicil. Or the court, in its discretion, may direct that it be transmitted to the personal representative of the decedent at the place of such domicil, to be disposed of by him. * * *"

The widow, having received her full allowance under the laws of Missouri, the domiciliary state, cannot also invoke the laws of this state to obtain a further like allowance. Whether the allowance received by appellant under Missouri laws was sufficient to support her is not for this court to say; that is a matter entirely within the province of the state of Missouri.

Error is assigned to the court's finding that the reasonable value of attorney's services on behalf of the executrix in defending the action brought by Emma Klos, hereinbefore referred to, was $300, and in holding that such sum "was a proper charge against the proceeds of said policies received by said executrix." At the trial appellant's counsel admitted that $300 was a reasonable fee for attorney's services in that action, but objected to the introduction of evidence in regard thereto on the ground of immateriality, and here asserts that the finding of the court that the sum of $300 was a lien against the sum collected was improper, for the claimed reason that under § 8726 the allowance to the widow is to be paid before funeral expenses and costs of administration. However that may be, we have no difficulty in concluding that, under the circumstances here, the widow, having selected the proceeds of the insurance policies as the personal property out of which she desired her allowance to be taken, it was proper to show what the net proceeds therefrom were, which would be the gross amount collected less the reasonable expense incurred in effecting such collection. Any other conclusion would place the expense of the collection of the insurance upon the shoulders of the executrix, if the insurance claim constituted the whole of decedent's estate within this state. The jurisdiction of the district court, in which the case was tried *de novo,* to make a finding of fact upon an issue raised by the pleadings (as was the item of attorney's fees), cannot successfully be questioned.

Affirmed.