Tom E. Taylor Undertaking Co. v. Smith's Estate.

(Division B. Sept. 26, 1938.)

[183 So. 391. No. 33304.]

F. K. Ethridge, of Meridian, for appellant.

Mize, Thompson & Mize, of Gulfport, for appellees.

Argued orally by **F. K. Ethridge**, for appellant.

Anderson, J., delivered opinion of the court.

Appellant, whose business is indicated by its name, sought to have sold through a proceeding in the Chancery Court a sufficiency of the estate of Hettie K. Smith, deceased, which estate is the appellee in this cause, to pay a balance due on her funeral expenses. The point was made on behalf of the estate that the claim was barred by the four-year statute of limitations (Section 2295, Code 1930). The chancellor so held and dismissed the proceedings. From that decree this appeal is prosecuted. The cause was tried on agreed facts.

On the death of Mrs. Smith, appellant was engaged to prepare her body for burial, which consisted of embalming it, furnishing suitable casket and shroud, and also to superintend the interment of her body. The bill therefor was $645. Appellant probated the account against the estate. It was allowed for that amount, of which the administrator paid $300, leaving a balance due of principal and interest when this proceeding was begun of something over $500. The four-year statute of limitations is as follows: "An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, but within four years after the qualification of such executor or administrator." Largely more than four years had elapsed since the obligation was incurred by the estate.

In the first place the claim for funeral expenses was not required to be probated. Gaulden v. Ramsey, 123 Miss. 1, 85 So. 109.

The funeral expenses are part of the cost of the administration of the estate. They arise and become a charge upon the estate after the death of the decedent. They are in the same category, so far as the statute of limitations is concerned, as the other expenses of the administration. As long as the estate is open, the statute of limitations does not run against such claims. Section

2295 has no application. It applies alone to obligations incurred by the decedent in his lifetime. Bingaman v. Robertson, 25 Miss. 501.

Judge ETHRIDGE, being disqualified, took no part in the decision. By agreement of the parties, the case was tried before and submitted to the other two judges.

Reversed and remanded.