## BURNS *v.* WEGMAN.

4-5856                                                      138 S. W. 2d 389

Opinion delivered March 25, 1940.

*Knott & Harris,* for appellant.
*Warner & Warner,* for appellee.

GRIFFIN SMITH, C. J. George W. Dodd is administrator of the estate of C. J. Wegman. Wegman's widow

is appellee. Letters of administration with the will annexed were granted February 12, 1938, Wegman's death having occurred during the preceding month. Appellants are creditors.

December 13, 1938, appellee filed with the administrator a claim for $39, representing the amount she had paid for medical services rendered C. J. Wegman. Another claim by appellee was for $316.85, covering funeral expenses. She had paid both items soon after the death of her husband. These sums were allowed by the administrator without classification. Exceptions were filed to his first settlement. The court reduced by $116.85 the bill for funeral expenses, allowing $200. The claim for $39 was allowed. The appeal is from the order allowing the two items as claims of the first class, presentation to the administrator having been made more than six months after letters had been granted.

Appellants insist the demands must be treated as fourth class.[1]

The applicable statute provides that demands against the estate of a deceased person shall be divided into four classes. In the first class are "funeral expenses, expenses of the last sickness, wages of servants, and demands for medicines, medical and surgical attention, nursing and hospitalization during the last illness."

The fourth class includes "all such demands as may be exhibited as aforesaid after six months and within one year after the first letters granted on the estate . . ."

Estates of deceased persons are chargeable with the necessary expenses of burial. In *Bomford* v. *Grimes,* 17 Ark. 567, this paragraph appears:

"It is manifest that our statute of administration provides for the allowance and classification of no claims or demands against the estate of a deceased person, (other than for funeral expenses) but such as arise upon contracts or liabilities made or incurred by him, in some way, during his lifetime."

---

[1] Pope's Digest, § 97. See, also, § 116.

The statute referred to was § 85 of English's Digest of 1848. The amendment now appearing as § 97 of Pope's Digest is act 211 of 1931. The present law, and the statute in effect when the Grimes Case was written, are similar in respect of the statement in the quoted paragraph.

Appellee also relies upon *Security Bank & Trust Company* v. *Costen,* 169 Ark. 173, 273 S. W. 705. In that case Greathouse died in March, 1923. The widow immediately paid funeral expenses. Mrs. Greathouse died seven months later. The bank was appointed administrator of the estate of the deceased widow and filed claim against Costen, administrator of the estate of W. C. Greathouse. The bank sought reimbursement for the money paid by the widow for funeral expenses of her dead husband. In the opinion it was said:

"If the person who pays the expense or advances the money [to pay funeral charges] is not a mere volunteer who acts officiously and without interest in the estate of the decedent, the charge against the estate inures to his or her benefit. . . . The payment was in settlement of the claim of the undertaker, which would have been a legal claim against the estate, and the act of the widow in making the payment was not a discharge of the obligation of the estate, but was a mere transfer of the obligation by way of subrogation to the widow."

The question presented by the instant appeal was not in the Bank-Costen Case. In the latter case letters of administration were issued to Costen October 15, 1923.[2]

Appellees argue what they term the obvious difference between funeral expenses and debts and liabilities incurred by the deceased during his lifetime. They insist that the statute does not "in terms" require that claims for funeral expenses, or those occasioned by the last illness, be exhibited to the administrator in order to preserve the priority given by law; that funeral expenses are contracts subsequent to death, and ". . .

---

[2] Although the opinion does not show when Costen was appointed administrator, the fact appears in the record in an agreed statement.

the administrator and everyone else knows that such indebtedness must be incurred, and notice thereof is unnecessary.'' In support of this construction cases in foreign jurisdictions are cited.[3]

The argument must be rejected because it ignores the statutory rationale. By express language funeral expenses are made a first charge against a decedent's estate; but by lapse of time the preference may be lost. The legislative authority thought proper to create a fourth classification and to direct that all demands exhibited ''. . . *as aforesaid* after six months and within one year after the first letters granted on the estate . . .'' should comprise that group.[4]

Appellee had a right to pay the expenses and to claim reimbursement as a creditor of the first class. She was not a mere volunteer, and did not act ''officiously and without interest in the estate.'' But she could not wait more than six months and then receive the benefits of priority.

The judgment is reversed, and the cause is remanded with directions that the claims be classified as fourth class.

---

[3] *Roche Undertaking Co.* v. *DeBardeleben,* 7 Ala. App. 232, 60 So. 1000; *Lowrey* v. *Crandall,* 52 Ariz. 501, 83 Pac. 2d 1003, 120 A. L. R. 71; *Potter* v. *Lewin,* 123 Cal. 146, 55 Pac. 783; *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94, 141 Pac. 922, 52 L. R. A., N. S., 1152, Ann. Cas. 1915D, 742; *Harter* v. *Harter,* 181 Ia. 1181, 165 N. W. 315; *Dampier* v. *St. Paul·Trust Co.,* 46 Minn. 526, 49 N. W. 286; *Barrett* v. *Heim,* 152 Minn. 147, 188 N. W. 207; *Taylor Undertaking Co.* v. *Smith,* 183 Miss. 45, 183 So. 391; *Young* v. *Conover,* 120 N. J. L. 267, 199 A. 390; *In re Kelly's Estate,* 183 Wis. 485, 198 N. W. 280; *Sawyer* v. *Hebard, 58 Vt. 375,* 3 A. 529.

[4] Italics supplied.