ISHEE, J.,
for the Court:
¶ 1. In 2008, Joseph Lucius Whitley passed away. His wife of sixteen months, Victoria S. Whitley, passed away approximately one month later. Prior to her passing, she paid for Joseph’s funeral expenses. She also began administration of his estate. After Victoria’s passing, Joseph’s daughter, Elizabeth Marie Whitley, became administrator of Joseph’s estate. Rebecca Love became executor of Victoria’s estate. Rebecca soon filed a claim against Joseph’s estate for reimbursement of Joseph’s funeral expenses. Elizabeth opposed the claim, asserting that the claim had been untimely filed outside the ninety-day window for creditors to file claims against the estate. The chancery court granted Rebecca’s claim in part and denied the claim in part. The reimbursement of funeral expenses was granted, but the amount claimed by Rebecca was contradicted by the evidence. Accordingly, the chancellor reduced the amount of funeral expenses owed to Rebecca, but ordered that Joseph’s estate reimburse Victoria’s estate for the funeral expenses owed. Elizabeth now appeals, claiming the chancery court erred in granting Victoria’s es *262 tate any reimbursement for funeral expenses. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. Joseph and Victoria were married for approximately sixteen months prior to Joseph’s passing. After his passing, Victoria made funeral arrangements and paid for Joseph’s funeral. She passed away a month after Joseph died.
¶ 8. Rebecca, as executrix of Victoria’s estate, filed a claim against Joseph’s estate for reimbursement of Joseph’s funeral expenses. Elizabeth, as administratrix of Joseph’s estate, opposed the claim, asserting that it was untimely. Elizabeth’s assertion was based on the ninety-day time limit for creditors to file claims against Joseph’s estate, which had already expired when Rebecca filed the claim.
¶ 4. The Hinds County Chancery Court heard the case, and determined that funeral expenses did not fall within the purview of the ninety-day time limit for creditors because such expenses are deemed to be related to the administration of the estate. Aggrieved, Elizabeth appeals the chancery court’s determination. She claims the chancery court erred in granting Victoria’s estate reimbursement for Joseph’s funeral expenses because the ninety-day time limit had expired and because Victoria and Rebecca acted as officious volunteers and meddlers in the administration of Joseph’s estate. She further challenges the reimbursement of funeral expenses based on a prenuptial agreement executed by Joseph and Victoria.
DISCUSSION
¶ 5. We are limited in our review of a chancellor’s judgment. Howard v. Gunnell, 63 So.3d 589, 597 (¶ 16) (Miss.Ct.App.2011). “We acknowledge that this Court will not disturb a decision of a chancellor absent a finding that he or she is manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard.” Id. (citation and quotation omitted). Nonetheless, we review questions of law de novo. Rousseau v. Rousseau, 910 So.2d 1214, 1217 (¶ 8) (Miss.Ct.App.2005).
¶6. However, it is well settled that an issue not raised and litigated at the trial-court level may not be argued on appeal. Estate of Gibson ex. rel. Gibson v. Magnolia Healthcare, Inc., 91 So.3d 616, 632 (¶ 47) (Miss.2012); Winfield v. Brandon HMA, Inc., 100 So.3d 974, 981 (¶ 24) (Miss.Ct.App.2012). All issues presented to an appellate court must be fully supported by evidence in the record. See Kelly v. Int’l Games Tech., 874 So.2d 977, 981 (¶ 17) (Miss.2004).
¶ 7. Having reviewed the record, it is clear that Elizabeth’s claim regarding the alleged actions of Victoria and Rebecca as officious volunteers or meddlers in the administration of Joseph’s estate is procedurally barred. Likewise, her allegation as to a prenuptial agreement barring Victoria’s estate’s claim to funeral expenses is also procedurally barred. Elizabeth failed to properly present these issues to the chancery court. It follows that she has not provided this Court with a substantial record on which we may review these issues now.
¶ 8. Elizabeth’s assertion that the claim for reimbursement of funeral expenses should be barred as untimely is based upon Mississippi Code Annotated section 91-7-151 (Rev.2004). The statute reads in part:
All claims against the estate of deceased persons, whether due or not, shall be registered, probated[,] and allowed in the court in which the letters testamentary or of administration were granted within ninety (90) days after the first publication of notice to creditors to pres *263 ent their claim. Otherwise, the same shall be barred and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator.
Id. At first glance, it would appear Elizabeth’s appeal bears merit by virtue of this statute. However, a review of case law interpreting the statute proves otherwise.
¶ 9. The Mississippi Supreme Court established in 1938 that a claim for funeral expenses is not required to be probated because funeral expenses are considered to be part of the cost of the administration of an estate. Tom E. Taylor Undertaking Co. v. Smith’s Estate, 183 Miss. 45, 46, 183 So. 391, 391 (1938). The supreme court noted that the requirement to probate a claim “applies alone to obligations incurred by the decedent in his lifetime.” Id. The case has never been overruled or modified. The holding and the general notion was, in fact, discussed and upheld as recently as 2010 by the United States District Court for the Southern District of Mississippi, and later affirmed by the United States Court of Appeals for the Fifth Circuit in 2012. Bell v. Texaco, Inc., No. 5:09cv192KS-MTP, 2010 WL 1490144, at *1 (S.D.Miss. April 13, 2010); Bell v. Texaco, Inc., 493 Fed.Appx. 587, at 592 (5th Cir.2012).
¶ 10. The law is clear that the ninety-day time limit in which creditors must probate claims against an estate does not apply to claims for reimbursement of funeral expenses. Accordingly, the chancery court did not err in its judgment. This issue is without merit.
¶11. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.