## GUST ANDERSON v. PRESTON McCULLEY.[1]

April 26, 1929.

No. 26,805.

*Hursh & Johnson,* for appellant.
*Olof L. Bruce,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

An open branch of a public ditch is located across 40 acres of land owned by plaintiff and extends onto and across 40 acres of land owned by defendant. The water flows from plaintiff's land onto and across defendant's land and thence on toward the main ditch. The ditch was constructed in about 1910. The branch was four feet deep and four feet wide. Plaintiff raises vegetables and berries. He claims damages because of defendant's negligently causing the branch of the ditch to become obstructed and holding the water on plaintiff's land, destroying his crops.

The appeal challenges the sufficiency of the evidence. There is evidence in the case to justify the jury in concluding that the ditch

[1]Reported in 225 N. W. 152.

was adequate when constructed; that it satisfactorily carried off the surface water until 1920, when defendant converted his land on which the branch was located into a pasture. It has since been so used. The cattle in the pasture were not fenced from the ditch. They had access to it. They tramped in the ditch and on the banks thereof, causing the banks of the ditch to cave and fall in—all causing the ditch to fill and become inefficient. That defendant has negligently permitted bridge timbers to remain in the ditch to such an extent as to be obstructions therein. That he also negligently permitted a dead heifer to remain therein with like effect. That he also left a blown-over haystack and other obstructions in the ditch.

The evidence shows that these obstructions would not permit the surface waters to flow away but on the contrary held the waters so as to flood plaintiff's crops. By reason thereof such waters stood on plaintiff's land for five or six days. When the ditch was not so obstructed such waters would disappear in five or six hours.

Defendant's conduct was in disregard of plaintiff's rights. This ditch was a part of a public drainage system, and defendant owed a duty to plaintiff in reference thereto. G. S. 1923, § 6732.

One who negligently causes and permits an open public drain upon his land to become obstructed so as to flood his neighbor's land, farther up the drain and within the drainage system, doing damage to crops thereon, is liable therefor. The evidence is clear and convincing and sufficiently sustains the verdict.

Affirmed.