## IN RE ESTATE OF RALPH M. FULTS.[1]

April 26, 1929.

No. 27,306.

*Fred B. Morrill* and *Marshall S. Snyder*, for appellants.
*Mark J. Woolley*, for Johanna Fults, respondent.

[1]Reported in 225 N. W. 152.

HILTON, J.

Appeal by the domiciliary administrator in the state of Washington and the ancillary administrator in the above named estate from a district court judgment.

Ralph M. Fults, a resident of the state of Washington, died therein on November 1, 1921, leaving an estate therein consisting of personal property. Probate proceedings were had in the superior court in Spokane county, Washington, and appellant Gates was appointed domiciliary administrator and duly qualified as such. His final report showed assets amounting to $1,981.33, of which $1,780 was represented by the vendor's interest in a contract for the sale of real estate in Minnesota, and for the purposes of administration in Washington was to be treated as personal property. A claim was allowed against the estate in the sum of $152 for funeral expenses, of which only $50 was there paid. Other probate expenses paid, including $34.55 to an attorney, made a total disbursement of $120. After these payments, all that remained in the administrator's hands in Washington was the personal effects, valued at $35, and $46.33 in cash. There was allowed an administrator's fee of $100 and as fees to various attorneys $325. It is but fair to state that there was a contest as to who was entitled to inherit, resulting in a decree in favor of Johanna Fults, the surviving widow, who resided in California.

In ancillary probate proceedings in Hennepin county, Minnesota, Marshall S. Snyder was appointed as administrator. There was collected on the contract for a deed the sum of $1,700. The disbursements in the probate proceedings in Minnesota, which included $175 for the personal services of the administrator; $225 paid by him as attorney's fees; the balance of the funeral expenses of $126.32; $547.08 for taxes, and other incidental expenses, totaled $1,175.64, leaving in the hands of administrator Snyder the sum of $524.36. None of the bills allowed in the probate proceedings in Washington were filed, allowed or paid in Minnesota excepting the unpaid portion of the funeral expenses, amounting to $126.32.

The Minnesota probate court in its decree of distribution awarded the sum so remaining to Johanna Fults, the widow and sole heir

of the deceased, and ordered the same to be transmitted to her. It is the claim of appellants that this sum should have been turned over to the domiciliary administrator in Washington. Appeal was taken to the district court from the decree of the probate court and an affirmance had. A motion for a new trial having been denied, judgment was entered and this appeal perfected.

G. S. 1923 (2 Mason, 1927) § 8763, relative to ancillary administration, provides as follows:

"In all cases of administration in this state of the estates of decedents who were non-residents, upon payment of the expenses of administration and *of the debts here proved,* the residue of the personalty shall be distributed according to the terms of the will applicable thereto, if there be a will, or according to the law of the decedent's domicil. Or *the court, in its discretion, may direct* that it be transmitted to the personal representative of the decedent at the place of such domicil, to be disposed of by him. And real estate not sold in the course of administration shall be assigned according to the will, if there be one; otherwise, according to the laws of this state." [Italics ours.]

The probate court of Hennepin county had complete jurisdiction of all property of the estate in the hands of the ancillary administrator with the right to dispose of the same in accordance with the provisions of the above quoted statute. Under the laws of Minnesota, the widow was entitled to an allowance which would have absorbed the entire balance of this estate. Counsel frankly concedes that the widow might have claimed and received her allowance, but that she did not elect to do so. The fact that she did not make an application therefor does not affect the situation. It was not necessary that she should. Even had the claims allowed and unpaid in Washington been filed with the probate court in Hennepin county, the widow's statutory right would not have been affected. Stromberg v. Stromberg, 119 Minn. 325, 138 N. W. 428; Barrett v. Heim, 152 Minn. 147, 188 N. W. 207; G. S. 1923 (2 Mason, 1927) §§ 8726, 8796, 8797.

The superior court of Washington ordered that the domiciliary administrator take proceedings necessary to collect the moneys due on the contract for a deed and that, upon such collection and the payment of claims allowed in that court and expenses of administration, a supplemental report be made and the residue of said estate be distributed to Johanna Fults. That order was proper and of course binding on the domiciliary administrator if and when he received the money, but it had no efficacy in so far as the ancillary administrator was concerned. He was subject to the lawful orders of the Minnesota court. It had complete jurisdiction. That the manner of the disposition of the residue here was a matter for the exercise of a sound judicial discretion by the probate court is generally recognized by the decisions. 24 C. J. 1126; 18 Cyc. 1236; Dunnell, Pr. L. § 1207, and cases cited; see also Rader v. Stubblefield, 43 Wash. 334, 86 P. 560, 10 Ann. Cas. 20. Special reasons readily suggest themselves as warranting the discretionary action of the probate court and the district court approved it. The exercise of discretion will not be reversed on appeal except for a clear abuse thereof. 1 Dunnell, Minn. Dig. (2 ed.) § 399, and cases cited. There was clearly no abuse of discretion, and the action of the lower courts was more than justified under all the circumstances.

Judgment affirmed.