Joseph S. O'Neill
vs.
Mary B. Anthony
et al.
} P. A. Nos. 1167-1168.

April 5, 1930.

BLODGETT, P. J. Heard upon two appeals from decrees of the Probate Court of the City of Providence.

Joseph S. O'Neill, executor of the will of Lorania C. Beckwith, probated in Norfolk County, Massachusetts, filed a petition in said Probate Court of Providence for the allowance of his second account filed in said Court.

Said Joseph S. O'Neill further filed a petition in said Probate Court of Providence, a copy of said will having been filed in the Municipal Court (now the Probate Court) of said Providence, and letters testamentary thereon having been issued to said O'Neill, for an order transmitting the balance of his account found in Rhode Island to himself as executor in Massachusetts. Denied and appeal taken.

There was a further petition filed by the residuary legatees of Lorania C. Beckwith for distribution of the balance of said account to them. Upon hearing the petition of the residuary legatees, a decree of the Probate Court of Providence was entered as follows:

"Estate of Lorania C. Beckwith No. 26168."

Decree.

"It appearing that all debts of the deceased and other charges for which the estate is liable in this State have been paid, it is ordered, adjudged and decreed that the executor distribute the balance of $10,700.86, as shown by the final account of the executor allowed this day, to the parties entitled thereto in accordance with the prayer of the petition."

"November 25, 1929.

E. L. Yatman, Judge,"

From this decree O'Neill duly claimed an appeal.

Upon the matter of the allowance of the second account of the administrator O'Neill, a decree was entered by the Probate Court of Providence November 25, 1929, showing a balance in his hands of $10,700.86. No appeal was made from the decree disclosing this balance in the hands of O'Neill.

These two appeals are now before this Court. The matters in litigation are:

1. Shall the balance in the hands of O'Neill, viz: $10,700.86, be turned over to O'Neill as executor of the will probated in Norfolk County, Massachusetts, or

2. Should same be paid to the residuary legatees named in said will?

As to the first question, the opinion of our Supreme Court in case of Rhode Island Hospital Trust Co. vs. Mary B. Anthony et al., 49 R. I. 339, is illuminating. This was a Bill in Equity brought by trustee for instructions. On page 345 the Court says:

"The second matter as to which the complainant seeks instruction arises by reason of the claim of the respondent Joseph S O'Neill, executor of the will of Lorania C. Beckwith. This respondent represents that the estate of Miss Beckwith is insufficient for the payment of her debts and expenses of administration, and claims that, by reason of her exercise of the general power of appointment given to her by the trust instruments before us, she has rendered the appointed property equitable assets for the payment of the amount of her debts which are in excess of the assets of her individual estate; and that the complainant should now turn over the trust property to him to be administered. The respondent O'Neill urges this demand in reliance upon the rule of the English chancery courts, which has been followed by the courts in some of the states of the Union, notably Massachusetts. If we were convinced of the soundness of the English doctrine, there are circumstances surrounding this case which would cause us to refuse to direct this complainant to turn over these trust estates to the executor to be taken by him into a foreign jurisdiction there to be administered. The respondent executor has not satisfied us that the assets of the estate of Miss Beckwith upon a prudent administration are insufficient for the payment of her debts. It appears that the individual estate of Miss Beckwith was about $24,340. The inheritance taxes affected by the trust estates are to be paid by this complainant trustee and are recognized as obligations against it. The debts of Miss Beckwith at the time of her death, the federal estate tax and other charges against the estate, exclusive of the fee of the executor and that of his counsel, amount to about $15,295. There was no contest over the probate of the will nor other matter brought to our attention which would involve difficulty or great expense in the administration of this comparatively small estate. Yet in his testimony the respondent O'Neill stated that the total claims against the estate will approximate from sixty-eight to seventy thousand dollars. In no event would we order a transfer of the trust estates which would render it necessary for these respondent appointees to follow the estate to a foreign jurisdiction, there to raise their objections to the allowance of claims, the reasonableness of which appears questionable. If we should adopt this English rule we would require the creditors of Miss Beckwith, or the executor as their representative, to apply to the Superior Court of this State sitting in equity for a decree directing the payment by this trustee of such sums as should be found by the Superior Court to be due and payable from the trust estate."

It appears from the record that at one period of the administration the executor O'Neill turned over to Harry F. R. Dolan, his partner in the law firm to which he belonged, who also represented him as attorney for the executor, the entire balance in his

hands as executor upon the claim by said Dolan that some $13,000 was due for legal services in connection with the administration of the estate in Massachusetts, afterwards paid by Charles R. Haslam in behalf of the residuary legatees, were allowed to remain unpaid and finally become barred by the statute of limitations. This amount paid to Dolan was subsequently ordered returned to the Rhode Island jurisdiction.

All claims against the estate in Rhode Island have been paid.

Harry F. R. Dolan filed a petition in the Norfolk County Probate Court praying said Court to order said executor to pay over to him $13,000 for legal services rendered said executor, and a decree was entered on said petition ordering said executor to pay said Dolan $13,000 on account of his services, and that execution issue therefor. Such execution may issue personally against such executor as upon a judgment at law.

In Massachusetts expenses of administration are a preferred claim.

Chap. 363, General Laws of Rhode Island, Sec. 5459 provides:

"5459. Upon the settlement of such estate, after the payment of all debts for which the same is liable in this State, the residue of the personal estate may be distributed and disposed of in manner aforesaid, (referring to Sec. 5458) by the Probate Court; or, in the discretion of the court, it may be transmitted to the executor or administrator, if any, in the state, territory, district or country where the deceased had his domicile."

"5458. When a will is filed and recorded, or administration is granted in this State on the estate of a person who was an inhabitant of any other state, * * * his estate, real and personal, found here, shall, after payment of his debts, be disposed of according to his will, if he left any executed according to law."

Had Lorania C. Beckwith died without leaving a will her personal estate after payment of her debts would be distributed in accordance with the law of her domicile, but having left a will the Court is given discretion, after the payment of her debts, to distribute the personal estate in accordance with the laws of the State in which was the domicile.

Appellants claim the order of the Norfolk County Probate Court created a debt of the deceased.

It seems clear from the cases cited in brief of appellees that the claim is simply an administration expense and not enforceable against Rhode Island assets or binding on Rhode Island Courts.

*Low* vs. *Bartlett*, 8 Allen 259 (approved in *Elos* vs. *Edwards*, 13 Allen 48 and in *Morril* vs. *N. E. Mutual Life Ins. Co.*, 103 Mass. 248).

The same matter has been determined by the Supreme Court of the United States in *Reynolds* vs. *Stockton*, 140 U. S. 254, 271, also cited in brief of appellees.

This question is also discussed and determined in Minnesota in 1929. In re Fults Estate, 225 N. W. 152 (Minn. 1929) cited in brief of appellees.

The Court has examined the carefully prepared brief of appellants and the cases cited therein.

In the Minnesota case (In re Fults Estate, 225 N. W. 52) the attention of the Court is drawn to the fact that under the laws of Minnesota the widow was entitled to an allowance which would have absorbed the entire balance of the estate. This fact did not however prevent the Court from deciding the general question as set forth above, and determining the general principles applying in such cases.

In the matter of Worch's Estate, 208

N. Y. Supp. 652-654 (cited in appellants' brief), the Court says:

"The transmissal of the assets to the state or country of residence is a matter of judicial discretion, depending upon the circumstances of the particular case * *. *."

There seems no doubt that the Probate Court of Providence and this Court in which the case was heard "de novo" have jurisdiction to determine this matter on the particular circumstances existing.

Lorania C. Beckwith died leaving in Massachusetts some property and some debts.

The account of Joseph S. O'Neill as executor disclosed cash in his hands at the time of filing same of $7.545.40 and certain payments amounting to $3275.78, and further payments to Dolan, Morson & Stebbins, a firm of lawyers in Boston, of $2,135.92, for legal services and disbursements, a further sum of $1,688.58 to himself as executor, and $545.12 for a Massachusetts income tax and a premium on a surety bond.

These payments exhausted the assets in his hands in Massachusetts. The amount paid for counsel fees and executor's fee was $3,824.50.

In addition to bills paid by the executor were a number of miscellaneous debts incurred by deceased during her life time which were left unpaid by the executor, but have since been assigned to Charles R. Haslam and by him paid in behalf of the residuary legatees, as the statute of limitations had run against said bills in Massachusetts as far as claims against the estate were concerned. Dolan obtained an order from the Norfolk Probate Court for the payment to him of $13,000 in addition to amounts already paid and an execution on said order was issued 'by said Probate Court against the goods, chattels, land and tenements of Joseph S. O'Neill in his hands and possession.

Joseph S. O'Neill, executor, in matter of R. I. Hospital Trust Co. vs. Anthony, 49 R. I. 345, claimed that the estate of Lorania C. Beckwith was insufficient to pay her debts and expenses of administration, and that certain trust property in the hands of R. I. Hospital Trust Co., as trustee, and over which Lorania C. Beckwith had exercised power of appointment, became equitable assets which should be turned over to him in Massachusetts, as such executor, to be used by him for the payment of her debts and costs of administration. As her debts have now been paid, such a procedure would only mean that the funds of the trust estate would be applied to the payment of the bill of said Dolan, as costs of administration.

The Supreme Court in above case said:

"If we were convinced of the soundness of the English doctrine, there are circumstances surrounding this case which would cause us to refuse to direct this complainant (R. I. Hosp. Trust Co.) to turn over these trust estates to the executor to be taken by him into a foreign jurisdiction to be administered. The respondent executor has not satisfied us that the assets of the estate of Miss Beckwith upon a prudent administration are insufficient for the payment of her debts. It appears that the individual estate of Miss Beckwith was about $24,340. * * * The debts of Miss Beckwith at the time of her death, the federal estate tax and other charges against the estate, exclusive of the fee of the executor and that of his counsel amount to about $15,295 . There was no contest over the probate of the will nor other matter brought to our attention which would involve difficulty or great expense in the administration of this comparatively small estate. Yet in his testimony the re-

spondent O'Neill stated that the total claims against the estate will approximate from sixty-eight to seventy thousand dollars. In no event would we order a transfer of the trust estates which would render it necessary for these respondent appointees to follow the estate to a foreign jurisdiction there to raise their objections to the allowance of claims, the reasonableness of which appears questionable."

The appellant is now attempting to have this balance of $10,700.86 turned over to him in a foreign jurisdiction to be applied to the payment of claims that in the language of our Supreme Court are, to say the least, "questionable."

Appeals in both cases denied and dismissed.

For appellants: Huddy & Moulton.

For appellees: Gardner, Moss & Haslam.