200 P.2d 361

**ANDERSON v. MINTON et al.**
No. 5138.

Supreme Court of New Mexico.

Nov. 29, 1948.

Frazier, Quantius & Cusack, of Roswell, for appellant.

H. C. Buchly, of Roswell, for appellee John W. Minton.

Hervey, Dow & Hinkle and Richard G. Bean, all of Roswell, for appellees Mrs. A. S. Windsor, Lester C. Anderson, Mrs. W. H. Busby, and James S. Anderson.

SADLER, Justice.

The question for decision is the validity of a decree distributing to the heirs certain moneys in the hands of a New Mexico administrator, and. of an earlier order refusing to substitute an ancillary administrator in his stead, made by a district court of this state sitting as a court of probate in administering the estate of a decedent, a resident of California at time of his death, where administration proceedings already were pending when like proceedings were instituted here, no move having been made to open ancillary administration in this state for about a year after decedent's death and the opening of administration in California.

Arthur R. Anderson, the decedent, died intestate in California on March 8, 1945. Previously, while a resident of Chaves County, New Mexico, and on January 15, 1945, he and Mattie J. Anderson were divorced. There were four children born of their marriage, namely, two daughters, Mrs. A. S. Windsor and Mrs. W. H. Busby and two sons, Lester C. Anderson and James S. Anderson. On January 20, 1945, five days after the divorce mentioned, the decedent was married to Lillie Anderson, who with the children of the former marriage constituted his sole and only heirs at law. Lillie Anderson, as the surviving wife of decedent, was appointed administratrix of his estate in San Mateo County, California, on March 13, 1945. However, prior to application by her or anyone else to secure appointment of an ancillary administrator of the decedent in New Mexico, upon the application of Lester C. Anderson, a son, and Mattie J. Anderson, decedent's former wife, John W. Minton of Roswell, on October 1, 1945, was appointed administrator of his estate in New Mexico and forthwith qualified as such. The only property involved in the administration of decedent's estate was separate property belonging to him at the time of his death.

The findings and conclusions of the trial court so far as material to this controversy, some of which are stated above, are as follows:

"1.  That the petitioners are the children of Arthur R. Anderson, deceased; and that each of them is over the age of twenty-one years.  That at the time of the filing herein

of their petition for distribution, Lester C. Anderson was a bona fide resident of Chaves County, New Mexico, and Mrs. W. H. Busby has been at all times during the pendency of this cause and now is a bona fide resident of Hatch, New Mexico.

"2. That Arthur R. Anderson died in Redwood City, California, on March 8, 1945.

"3. That on January 15, 1945, Arthur R. Anderson was divorced from Mattie J. Anderson, the mother of Petitioners, and thereafter on January 20, 1945, in the State of Arizona, the said Arthur R. Anderson and Lillie Anderson were married and said Lillie Anderson is the surviving widow of Arthur R. Anderson, deceased.

"4. That on March 13, 1945, Lillie Anderson applied for and there were issued to her letter of administration in the estate of Arthur R. Anderson, Deceased, in the County of San Mateo, State of California, and from that date in said county and state, she was the duly appointed and acting administratrix, but the said Lillie Anderson did not apply for letters of administration in the State of New Mexico until subsequent to the date that John W. Minton of Roswell, New Mexico, was appointed and became qualified as Administrator of the Estate of Arthur R. Anderson in Chaves County, New Mexico, namely the 1st day of October, 1945.

"5. That John W. Minton, Administrator, has filed his Final Account and Report herein; and that the said Final Account and Report is in all respects regular, true and correct.

"6. That the sum of $4,610.63 remains undistributed in the hands of John W. Minton, Administrator; and that this money is available for distribution to the heirs of Arthur R. Anderson, deceased.

"7. That the Estate of Arthur R. Anderson, deceased, has been fully administered and is now ready to be closed.

"8. That the sole and only heirs at law of Arthur R. Anderson, deceased, and the relationship of said heirs are as follows, to-wit:—

"Lillie Anderson, surviving widow.

"Mrs. A. S. Windsor, daughter

"Mrs. W. H. Busby, daughter

"Lester C. Anderson, son

"James S. Anderson, son

"9. That the children of Arthur R. Anderson, deceased, namely; Mrs. A. S. Windsor, Lester C. Anderson, Mrs. W. H. Busby, and James S. Anderson have petitioned this Court for an order of distribution of the assets of the estate of Arthur R. Anderson, deceased, within the State of New Mexico and in the hands of the Administrator, John W. Minton and under the jurisdiction of this Court.

"10. From the record herein, the Court finds that Lillie Anderson qualified as Administratrix in the State of California, but that the inventory which she filed as Administratrix in the California proceedings discloses that there were no assets situate within the State of California that belonged to said estate and she inventoried none, but that she collected moneys to the extent of $1735, which said sum was more than sufficient to pay off and discharge claims filed and approved by the Court in California proceedings, with the exception of an allowance which the Court in California made to the said Lillie Anderson.

"From the foregoing Findings of Fact, the Court makes the following

"Conclusions of Law

"1. That this Court has jurisdiction over all the heirs at law of Arthur R. Anderson, deceased.

"2. That this Court has jurisdiction over all assets of the Estate of Arthur R. Anderson, deceased, situate in the State of New Mexico, and which have come into the possession of John W. Minton, Administrator of the Estate in Chaves County, New Mexico.

"3. That this Court has the power and authority to, and in its discretion may order distribution of the assets of said estate direct to the heirs at law of Arthur R. Anderson, deceased.

"4. That a distribution direct to the heirs at law of the decedent will more nearly attain and accomplish the ends of justice and of equity.

"5. That all the personal property in the hands of John W. Minton, Administrator, should be distributed in accordance with the laws of California, viz: One-third to the surviving widow, and two-thirds to the surviving children in equal shares, share and share alike."

It was not until February 27, 1946, following her appointment as administratrix in California on March 13, 1945, and the opening of an independent administration in New Mexico on October 1, 1945, that the appellant took steps to have herself appointed ancillary administratrix of decedent's estate in New Mexico by filing her petition in that behalf in the probate proceeding pending in Chaves County with exemplified copy of the California proceedings attached thereto. In her petition she sought removal of John W. Minton, one of the appellees, as New Mexico administrator and the substitution of herself as the personal representative of decedent as an ancillary administratrix. She also alleged the existence of New Mexico assets consisting of cash in a New Mexico bank in excess of $1200 and indebtedness due decedent's estate in excess of $8000 which as the California administratrix, she had sought unsuccessfully to collect. Aft-

er a hearing, the probate court on March 20, 1946, entered its order denying the petition. Soon thereafter upon petition of appellant, the California administratrix, the cause was removed into the district court of Chaves County.

When the estate had been fully administered in New Mexico, the administrator. had on hand the sum of $4,610.63 available for distribution to the lawful heirs of decedent. The inventory filed by appellant as administratrix in California disclosed no assets of decedent in that state, but she had collected moneys due decedent from New Mexico residents to the extent of $1735 which sum was more than sufficient to pay off and discharge unpaid claims filed and approved in the administration proceedings in California with the exception of family allowance of $135 per month which appellant as widow of decedent had applied for and had allowed to herself. Accordingly, final report of the administrator having been filed, the children of decedent, who with appellant as surviving widow constitute his sole heirs at law, joined in a petition for distribution.

The appellant objected both to the final report of the New Mexico administrator and to the petition for distribution, a separate pleading containing the objections being filed to each. Passing immaterial exceptions, the basic objection to each was the claimed lack of jurisdiction in New Mexico courts to conduct an independent administration on decedent's estate in disregard of applicable New Mexico statutes relating to ancillary administration of local assets of a non-resident decedent; or, to make any order respecting surplus funds in the hands of the New Mexico administrator except to direct their transfer to the appellant as domiciliary administratrix in California. The lower court overruled all objections, approved the final report and ordered distribution of the moneys in the hands of the local administrator, being separate property of the decedent, in accordance with the statutes of descent and distribution prevailing in California, to-wit, one-third to the surviving widow, the appellant, and the remaining two-thirds to the surviving children in equal shares. The appellant prosecutes this appeal, both from the order declining to remove the local administrator and substitute herself as ancillary administratrix in his stead; and, as well, from the order approving the final report and directing distribution.

The contentions made cannot be sustained either as to action of the district judge in declining to remove the New Mexico administrator and substitute appellant in his stead, or in directing distribution here rather than transmitting surplus funds on hand to appellant as domiciliary administratrix for disposition by the California court. The probate court of Chaves County, as well as the district court

upon removal, had jurisdiction of the parties and the subject matter. It was within the sound judicial discretion of the district judge, upon completing administration of the estate, to decide whether to transfer surplus funds to the domiciliary administration pending in California, or make distribution through the local, but independent, administration pending in New Mexico.

First, let us examine the appellant's claim that the trial court erred in refusing to remove the local administrator and appoint her in his stead. The decedent had died in California on March 8, 1945. The appellant as his surviving widow had been appointed administratrix of his estate in California on March 13, 1945. She had made no move to have herself appointed ancillary administratrix in New Mexico as late as October 1, 1945. Occasion existed for the appointment of an administrator in New Mexico, not only to collect an unpaid balance of $8000 due decedent's estate from sale of his farm, represented by eight notes for $1000 each, as well as other debts due the estate; but, also, for the purpose of satisfying certain claims including an indebtedness of $4000 incurred by decedent in his lifetime secured by a mortgage which his former wife had signed.

█ Without doubt, the probate court of Chaves County had jurisdiction to appoint an administrator of decedent's es-

tate. The escrow contract for sale of his farm to the purchaser, out of which the $8000 indebtedness due the estate arose, was on file with First National Bank of Roswell where payment of the notes evidencing unpaid purchase price was being made. Chaves County was the place where the principal part of decedent's estate was located. He had no mansion house or place of abode in this state. Nor was it objected by appellant that the probate court of Chaves County did not represent a proper venue for initiating the proceedings. There was no lack of jurisdiction. 1941 Comp. § 33-103.

█ Notwithstanding the lapse of more than six months since decedent's death and her appointment as administratrix in California, the appellant had not moved to exercise, as surviving conjugal partner, any preferential right to administer (if she had one) by applying for letters within twenty days following the death of her husband. 1941 Comp. § 33-109. Accordingly, Lester C. Anderson, a son, and Mattie J. Anderson, the former wife of decedent, contingently liable with his estate on a mortgage both had signed prior to the divorce, were quite within their rights in petitioning for appointment of an administrator by the probate judge and he had unquestioned authority to name one. 1941 Comp. § 33-110. Having the right to appoint, the probate judge did not abuse his

discretion in declining to remove the person named and substitute appellant as an ancillary administratrix in his stead. The administration here was not dependent on the proceedings opened in California by the appellant. 34 C.J.S., under Executors and Administrators, § 989, page 1234. Cf. Sheley v. Shafer, 35 N.M. 358, 298 P. 942. The very statute relied upon by her as giving preferential right to appointment in this state, 1941 Comp. § 33-204, if it does so, a question not decided, denies the claimed preference where an administrator already has been appointed. We find nothing in Chapter 33, Article 2, 1941 Comp., dealing with ancillary administrations sustaining appellant's claim that the trial court erred in declining to remove the administrator appointed by the probate court and appoint her in his place.

Neither does the appellant stand on firmer ground in contending the trial court should have declined to order distribution, directing instead transmission of surplus funds to the appellant as domiciliary administratrix in California for such disposition as the court having jurisdiction there might direct. Even if the administration proceedings in New Mexico should be treated as ancillary to those initiated by appellant in California (although obviously not so initiated) it is a matter of discretion with the court administering the estate here whether to transmit or distribute surplus personal estate remaining after payment of claims. Restatement of the Law, Conflict of Laws, page 627, § 522, where it is said:

"A court of ancillary administration will, after payment of claims, exercise its discretion as to the disposition of the balance of the local personal estate; it may order its administrator to transmit the balance of the personal estate to the court of administration at the domicil of the decedent; it may order him without such transmission to distribute the balance to the persons who are entitled to it; or it may order him to transmit part and distribute the rest."

See, also, 3 Bancroft's Probate Practice, page 1979, § 1223; In re Lathrop's Estate, 165 Cal. 243, 131 P. 752; In re Fults' Estate, 177 Minn. 334, 225 N.W. 152; In re Zimmerman's Estate, 195 Minn. 38, 261 N.W. 467; In re Easby's Estate, 285 Pa. 60, 131 A. 652; Dolan v. Anthony, 51 R.I. 181, 152 A. 873; In re Campbell's Estate, 53 Utah, 487, 173 P. 688, and annotation of subject in 90 A.L.R. 1043. The author of the annotation just cited, on page 1046, states the rule as follows:

"By the weight of authority, the rule for remission as stated in subdivision IIIa, supra, is not absolute. The view generally accepted, either as a matter of common law or under statute, is that no hard and fast rule guides the court in determining whether it should decree distribution of surplus assets in an ancillary administra-

tion in its jurisdiction, or order a remission thereof to the domicil; that such question depends upon the particular circumstances involved in each case, and can best be solved by leaving the matter to be determined within the discretion of the court."

■ A careful review of the record before us is convincing that there was no abuse of discretion in the refusal of the trial court to transmit surplus funds for distribution in California. More than enough money had been collected by the appellant as administratrix there to satisfy and discharge all unpaid, approved claims constituting expenses of last illness and burial, plus expenses of administration, all of which have priority over the family allowance. Cal.Probate Code, § 950. Nevertheless, according to her report as administratrix filed in the proceedings there, she had consumed the moneys collected in paying herself a family allowance of $135.00 per month, allowing the preferred claims mentioned to appear unsatisfied. The appellant already had shared bountifully in decedent's estate through the purchase on the eve of his death of a residence property in California, almost wholly with his separate funds, the title being taken in husband and wife as joint tenants with right of survivorship.

■ The funds on hand with the New Mexico administrator represented the proceeds of separate property, there being no community property. The decree awarded appellant as an heir of decedent the share to which she was entitled in accordance with the laws of California, the domicile of decedent. This was proper. In re Easby's Estate, supra. The remainder was distributed to decedent's children, share and share alike. Counsel for appellees say the facts warrant an assumption that if surplus funds should be transmitted, the appellant would continue paying to herself the family allowance awarded and thereby consume surplus funds. Whether the record warrants the assumption, it is unnecessary for us to determine in order to sustain the decree directing distribution here. It promotes fairness and justice on the proven facts without resort to assumptions. Some ancillary questions are argued which we find either without merit, or resolved by the conclusions announced.

Finding no error, the judgment of the trial court will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

McGHEE, J., did not participate.